**07 CV 3364**

**JUDGE KAPLAN**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT COOPERATION
FUND, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES,

07 CV _____

**SUMMONS**

                                                    Plaintiffs,

-against-

MAJOR CONSTRUCTION, CO., INC.,

                                                   Defendant.
-------------------------------------------------------------------X
TO:

    Major Construction, Co., Inc.
    745 Pennsylvania Ave
    Lyndhurst, New Jersey 07071

**YOU ARE HEREBY SUMMONED** and required to file with the clerk of this court and serve upon

    O'DWYER & BERNSTIEN, LLP
    52 Duane Street
    New York, New York 10007
    (212) 571-7100

an answer to the complaint which is herewith served upon you, within **30 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

J. MICHAEL McMAHON
CLERK

APR 2 7 2007
DATE

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
ANNUITY FUND, NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL
AND INDUSTRY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT
COOPERATION FUND, by MICHAEL J. FORDE, and
PAUL O'BRIEN, as TRUSTEES,

                            Plaintiffs,

-against-

MAJOR CONSTRUCTION, CO., INC.,

                            Defendant.
------------------------------------------------------------------X

07 CV 3364

JUDGE KAPLAN

**COMPLAINT**



APR 2 7 2007

    Plaintiffs ("Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their Complaint allege as follows:

### NATURE OF THE CASE

    1.    This is an action to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("Agreement") between The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and Major Construction, Co., Inc. ("Employer").

### JURISDICTION

    2.    This Court has jurisdiction over this proceeding pursuant to section 301 of the

Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3. Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4. Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5. At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6. The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7. Upon information and belief defendant Major Construction, Co., Inc. is a domestic corporation incorporated under laws of the State of New York with a principal place of business located at 745 Pennsylvania Ave, Lyndhurst, New Jersey 07071.

8. The defendant is an employer within the meaning of section 3(5) of ERISA, 29

U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9. Defendant, Major Construction, Co., Inc., was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2000. Said Agreement provides, inter alia, that the defendant shall furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions and for the submission of disputes to final, binding arbitration.

10. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with the Benefit Funds' demands to furnish its books and records for the purpose of conducting an audit.

11. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial arbitrator.

12. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated December 4, 2006 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13. The arbitrator found that Major Construction, Co., Inc. had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any and all books and records, for the period of January 1, 2001 through December 4, 2006 including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

14. The arbitrator also found that Major Construction, Co., Inc. was required to pay

the funds a sum of $2,400.00 pursuant to the Agreement, representing costs incurred in the arbitration.

15. The defendant, Major Construction, Co., Inc. has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1. For an order confirming the arbitration award in all respects;

2. For entry of judgment in favor of the Plaintiffs ordering Major Construction, Co., Inc. and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period January 1, 2001 through December 4, 2006.

3. For entry of judgment in favor of the Benefit Funds and against Major Construction, Co., Inc. ordering Major Construction, Co., Inc. to pay the Benefit Funds a total sum of $2,400.00 pursuant to the arbitrator's award.

4. For attorneys' fees and costs of this action;

5. For such other and further relief as this court may deem just and proper.

Dated: New York, New York
April 25, 2007

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

4